UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2025

SEAN F. MCAVOY, CLERK

| U.S.A. vs. | Kulani Kaaihue, Abraham Kamakah Hoopla | Docket No. | 0980 2:25CR00038-RLP-1 |
|---|---|---|---|

**Petition for Action on Conditions of Pretrial Release**

      COMES NOW Nicolas Olson, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Abraham Kamakah Hoopla Kulani Kaaihue, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge James A. Goeke sitting in the Court at Spokane, Washington, on the 28th day of March 2025, under the following conditions:

<u>Condition 12</u>: **Controlled Substances Prohibition:** Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21U.S.C. S 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law.

<u>Condition 13</u>: **Prohibited Substance Testing:** Random controlled substance testing shall be conducted through Pretrial Services and/or a program approved by Pretrial Services and shall not exceed six (6) times per month. Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the defendant is using a prohibited substance. Such methods may be used whit random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not in any way obstruct or attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance testing.

      RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

<u>Violation 1</u>: The defendant allegedly violated condition number 12 on or about June 9, 2025, by consuming a prohibited controlled substance, marijuana.

On June 9, 2025, the undersigned officer collected a urine sample from the defendant for drug testing. This urine sample tested presumptive positive for THC/marijuana. The defendant denied use of such substance since March 21, 2025. The urine sample was sealed in the defendant's presence and he signed the chain of custody form. The sample was sent to the national testing lab (NTL) for confirmation testing. On June 14, 2025, the NTL returned confirmed positive results for marijuana. The undersigned requested a toxicologist's interpretation of the results. On June 26, 2025, an interpretation report was received explaining that the defendant is believed to have "reused marijuana or a product containing Delta 9 after 5/20/2025 and prior to the specimen collected on 6/9/2025" based upon the THC levels between the two samples.

<u>Violation 2</u>: The defendant allegedly violated condition number 13 on or about July 7, 2025, by obstructing or tampering with the efficiency of sweat patch drug testing.

On June 25, 2025, a sweat patch was affixed to the defendant's right arm according to manufacture training and requirements. A photo of the properly affixed patch was captured using the undersigned officer's government issued iPhone. The defendant was counseled on proper care of the patch to ensure it's integrity.

On June 30, 2025, the defendant called the undersigned and expressed concern about the appearance of water in the sweat patch as well as the integrity of the patch. The defendant proceeded to send a photo of the sweat patch showing the edge of the outer most film peeling up and a significant wrinkle in said film.

Re: Kulani Kaaihue,, Abraham Kamakah Hoopla
July 21, 2025
Page 2

On July 2, 2025, the defendant contacted the undersigned by text message asking "Any news about my patch it's about ready to fall out soon." The defendant denied removing or peeling the patch himself and stated "it's peeling up by itself" and sent another photo of the patch; the absorbent pad was dislodged from its position under the film and the film itself showed significant peeling along the edges and a cloudy, wrinkly appearance across the whole surface. Based on the training provided by the manufacture, the appearance of the patch is consistent with tampering.

On July 7, 2025, the undersigned contacted the defendant at his residence to remove the sweat patch. Prior to removal, the patch was inspected and a photo was captured. The overall appearance of the sweat patch was similar to that of an example of tampering shown in the manufacturer's training. The patch was held on the defendant's arm by a white fabric-like tape around the edges of the film. The film did not appear to be adhering to the defendant's skin and was severely wrinkled and cloudy across the entire surface. The absorbent pad was dislodged from its original location and visibly dirty. The defendant denied any tampering or deliberate removal of the patch and reported its compromising state was due to excessive sweating and rubbing on the couch as he slept. The patch was removed in accordance with manufacturer's training and requirements and placed in a sealed specimen bag in the defendant's presence. The chain of custody form was singed by the defendant. The patch was sent to the testing lab for evaluation.

On July 16, 2025, the lab report was returned showing a negative for all tested substances, to include THC with a cutoff value of 0.8 ng/mL. A separate lab report from a urine sample that was also collected from the defendant on July 7, 2025, shows a confirmed positive for THC with a higher cutoff value of 15 ng/mL.

PRAYING THAT THE COURT WILL ORDER A SUMMONS

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: 07/21/2025

by   s/Nicolas Olson

Nicolas Olson
U.S. Pretrial Services Officer

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[ ] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

July 22, 2025
Date